**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE ESTATE OF GLEN LEWIS, <br> Administration No. 0437-06 S.E. <br> 3512 21st Street, SE <br> Washington, D.C. 20020, <br><br>       Plaintiff, <br><br>       v. <br><br> COMPASS GROUP USA, INC. <br> C T Corporation System <br> 1015 15th Street, N.W. <br> Suite 1000 <br> Washington, D.C. 20005 <br><br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: _____ |

## NOTICE OF REMOVAL

Defendant, Compass Group USA, Inc. ("Defendant"), by and through its undersigned counsel, hereby file this Notice of Removal, and states as follows:

1.      Plaintiff, Estate of Glen Lewis, Rosalind Lewis, Personal Representative ("Plaintiff") commenced this action by filing a Complaint on or about May 30, 2008 against Defendant in the Superior Court for the District of Columbia, Civil Action No. 0004027-08.

2.      Defendant was served with a Summons and the Complaint through its registered agent on June 18, 2008. The Complaint served on that date represents the initial pleading upon which Defendant was given notice of Plaintiffs' claims. A true and correct copy of the Summons and the Complaint ("Compl.") served upon Defendant is attached hereto as Exhibit A.

3.      Plaintiff's Complaint alleges claims for Wrongful Denial of Life Insurance Benefits, Improper Notice of Termination and Failure to Provide Actual or Constructive Notice of Intent to Terminate, all in violation of the District of Columbia Laws Life Insurance Act, D.C. Code Ann. § 31-477.

4.      Plaintiff seeks to recover compensatory damages in the amount of $87,000, as well as any further relief the court deems appropriate.  (Compl. ¶¶ Prayer for Relief).

5.      Defendant sponsors a life insurance plan (the "Plan") that is the subject of Plaintiff's Complaint.

6.      The Plan is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq.  ("ERISA").

7.      In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), the Supreme Court of the United States held that state law claims falling within the scope of ERISA's civil enforcement provisions under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) are not only preempted, but are wiped out by ERISA.  481 U.S. at 60.  *See also Bd. Of Trustees of the Hotel & Restaurant Empls. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1484 (D.C. Cir. 1996); *Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 125, 137-139 (D. D.C. 2005), *aff'd*, 471 F.3d 169 (D.C. Cir. 2006).

8.      ERISA Section 502(a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B).

9.      Because Plaintiff alleges on behalf of Mr. Lewis's estate that he was a Plan participant and the Complaint seeks to recover life insurance benefits allegedly due under the

terms of the Plan and damages for violations of the terms of the Plan, which is governed by ERISA, under *Metropolitan Life Ins. Co., Estes and Kuhl*, Plaintiff's Complaint states a cause of action under ERISA Section 502(a)(1)(B) and therefore is completely preempted by ERISA. Accordingly, Plaintiff's claims under the District of Columbia Laws Life Insurance Act are preempted by ERISA.

10.    As a result, under ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), this Court has federal question jurisdiction over Plaintiff's claims for violation of the terms of the Plan as it implicates rights that exclusively arise under ERISA Section 502(a)(1)(B).

Removal therefore is proper under 28 U.S.C. § 1441, as Plaintiff's claims in the Complaint arise under ERISA and 28 U.S.C. § 1331.

11.    In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders that have been served upon Defendant to date in this matter are annexed to this Notice of Removal as Exhibit A.

12.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after Defendant's receipt of the Summons and Complaint.

13.    In accordance with 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the District of Columbia.

WHEREFORE, Defendant, Compass Group USA, Inc., removes this case to this Court and respectfully requests that this Court accept jurisdiction of this action and place it on the docket for all further proceedings.

Dated:  July 8, 2008

Respectfully submitted,

LITTLER MENDELSON, P.C.

Michelle I. Pretlow (Fed. Bar No. 482869)
Katherine E. Bierma Pregel (Fed. Bar No.486615)
1150 17th Street, N.W.
Suite 900
Washington, DC  20036
(202) 842-3400  Telephone
(202) 842-0011  Facsimile

Andrew P. Marks (*pro hac vice* to be filed)
885 Third Avenue
16th Floor
New York, NY 10022-4834
(212) 583-9600  Telephone
(212) 832-2719  Facsimile

Attorneys for Defendant Compass Group USA, Inc.

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2008, I caused a true and correct copy of the foregoing **Notice of Removal** to be served via first-class mail upon the following counsel of record:

> Mickey Bailey
> 1725 I Street, NW
> Suite 300
> Washington, DC 20006
>
> Counsel for Plaintiff

Katherine E. Bierma Pregel

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/18/2008
CT Log Number 513543728

TO:     Nicole Tharrington
        Compass Group USA, Inc.
        2400 Yorkmont Road
        Charlotte, NC 28217-

RE:     **Process Served in District of Columbia**

FOR:    Compass Group USA, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | In re Estate of Glen Lewis, etc., Pltf. vs. Compass Group USA, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order, Addendum, Summons, Complaint, Information Sheet |
| **COURT/AGENCY:** | Superior Court - Civil Division, DC<br>Case # 0004027-08 |
| **NATURE OF ACTION:** | Insurance Litigation - Wrongful Denial of Life Insurance Benifits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/18/2008 at 15:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Mickie Bayley<br>1725 "I" Street, NW<br>#300<br>Washington, DC 20006<br>202-349-1129 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790036906413<br>Email Notification, Nicole Tharrington nicole.tharrington@compass-usa.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>Mark Diffenbaugh<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC 20005<br>202-572-3133 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

_Escude cn-hen Lews_        *Plaintiff*        0004027-08

vs.

Civil Action No. _____

_Compusecurcy USA Inc_ *Defendant*
_CT Corporation System_
_1015 15 St. NW #1000_
_Washington, DC 2005_     **SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

_Mickie Dailey_
**Name of Plaintiff's Attorney**

_1725 "I" Street NW #300_
**Address**

By _____
**Deputy Clerk**

_Washington DC 20006_

_(202)311-1134_
**Telephone**

Date _5/20/2008_

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RECEIVED
Civil Clerk's Office
MAY 3 0 08
Superior Court of the
District of Columbia
Washington, D.C.

In re Estate of Glen Lewis
Administration No. 0437-06 S.E.
3512 21ˢᵗ Street, SE
Washington, DC 20020

0004027-08

vs.                                          CIVIL ACTION NO. _____

COMPASS GROUP USA, INC.
C T Corporation System
1015 15th Street, N.W. Ste. 1000
Washington, DC 20005

### COMPLAINT

Comes now the Plaintiff, Rosalind Lewis, Personal Representative for the Estate of Glen Lewis
by and through her attorney, Mickie Bailey and the Law Office of Banks, Bailey, and Lewis and
represents unto this Honorable Court as follows:

#### Preliminary Statement

1. Plaintiff, Rosalind Lewis, Personal Representative for the Estate of Glen Lewis brings
   this action against Compass Group USA, Inc. under the District of Columbia Laws Life
   Insurance Act , DC Code Annotated §31-477 for money damages

#### Jurisdiction

2. Jurisdiction of this Court is founded on DC Code Annotated 1973 edition, as amended,
   Section 11-921.

#### Parties

3. Plaintiff was at all times a resident of the District of Columbia over the age of 18. Glen
   Lewis remained a resident of the District of Columbia until his death.

4. Defendant is a foreign corporation organized and existing under the laws of the District
   of Columbia whose principal office is located at 2400 Yorkmont Road, Charlotte, NC

28217 and whose resident agent is CT Corporation, located at 1015 15th Street, NW, Suite 1000, Washington, DC.

## COUNT ONE: Wrongful Denial of Life Insurance Benefits

5.  Plaintiff was employed "at-will" by the Defendant, Compass group beginning on March 29, 1999 in the position of Executive Chef II/Manager.

6.  Plaintiff received an average evaluation on December 16, 2002, but showed improvement during other evaluation periods.  At all times, Plaintiff disputed any and all negative evaluations that he received.

7.  In 2005, Plaintiff elected basic and supplemental life insurance coverage in the amount of $87,000.  Defendant continued coverage throughout Plaintiff's medical leave.

8.  Plaintiff became ill on or about September 4, 2005 and was out of work from September 4, 2005 until his death on July 3, 2006.

9.  As a result of Plaintiff's lengthy illness, Defendant placed Plaintiff on medical leave using short term disability, FMLA, and long term disability beginning in September 2005.

10.  Defendant continued to pay coverage for medical, life and disability insurance throughout the Plaintiff's medical leave.

11.  Defendant from time to time extended Plaintiff's medical leave benefit by providing written notification to the Plaintiff.

12.  On November 2, 2005, Defendant sent notice to Plaintiff extending his medical leave until December 20, 2005.

13.  On December 19, 2005, Defendant sent written notification to Plaintiff stating that the Plaintiff's medical leave of absence was granted through December 20, 2005 and  if the Plaintiff did not return to work, his employment "will be terminated."

14.  On or about December 19, 2005, Plaintiff was hospitalized in Philadelphia, PA awaiting a liver transplant.

15.  After the notice dated December 19, 2005 was received, Plaintiff's wife, Rosalind Lewis, contacted Defendant on December 27, 2005.  Defendant did not inform Plaintiff's wife at that time that Plaintiff was terminated from employment.

16.  No other notice was sent to Plaintiff informing the Plaintiff of his termination and Plaintiff continued to receive employment benefit information from Defendant until December 2006.

17.    Plaintiff's wife, Rosalind Lewis was informed of the alleged termination on or about July 5, 2006.

18.    Defendant did not give Plaintiff notice of termination.

19.    Defendant knew the seriousness and nature of the Plaintiff's illness.

20.    Defendant did not give Plaintiff an opportunity to elect to continue insurance coverage.

21.    Defendant did not give Plaintiff reasonable time to seek additional coverage elsewhere.

22.    Plaintiff and Plaintiff's family substantially relied upon the insurance policy from Plaintiff's employment to cover the funeral and burial expenses.

## COUNT TWO:  Improper Notice of Termination

23.    Hereby incorporates Statements 1 - 22.

24.    The letter sent by the Defendant to the Plaintiff on December 19, 2005 does not constitute proper notice of termination.

25.    The Defendant's notice of termination contained inaccurate information in that it included another individual's name, other than the Plainitiff in the body of the letter.

26.    The letter provided by the Defendant only addressed notice of the possibility of a termination.

27.    The Plaintiff was never informed of a termination verbally or in writing, until the Plaintiff's wife contacted Defendant after the Plaintiff's death.

## COUNT THREE:  Failure to provide actual or constructive notice of intent to terminate

28.    Hereby incorporates Statements 1 - 27.

29.    Plaintiff substantially relied upon the life insurance benefit provided through his employer.

30.    Plaintiff maintained no other life insurance policy of his own.

31.    Defendant has a duty to notify an employee of a termination.

32.    Defendant failed to notify Plaintiff of a termination from employment on or after December 20, 2005.

33.     Defendant failed to notify the insurance company of the termination.

34.     Defendant failed to notify the Plaintiff of entitlement to continue coverage.

## Causes of Action

35.     The notice dated December 19, 2005 provided by the Defendant does not constitute actual or constructive notice of the intent to terminate Plaintiff.

36.     The Plaintiff had no way of knowing that he was terminated since he could not physically report to work as a result of his illness.  Absent the Plaintiff's ability to physically report to work, the Defendant should have reasonably known that it was necessary to provide actual notice of the termination to the Plaintiff.

37.     The Plaintiff did not receive an option to continue his life insurance coverage.

38.     Plaintiff's family and estate suffered undue hardship as a result of the wrongful termination of insurance benefits.

39.     Plaintiff's estate and family suffered an undue hardship as a result of a breach of the Defendant's duty to provide actual or at least constructive notice of intent to terminate.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of $ 87,000 with such further relief as the court deems appropriate.


_Rosalind Lewis_
Rosalind Lewis, Personal Representative
Plaintiff

_Mickie Bailey_
Mickie Bailey, Attorney for Plaintiff
Bar No. 483520
1725 "I" Street, NW Suite 300
Washington, DC 20006
(202)349-1129

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

*Estate of Glen Lewis*

vs

*Compass Group USA, Inc.*

Case Number: _____

Date: _____

| | |
|---|---|
| **Name: *(please print)*** Mickie Bailey<br>**Firm Name:** Banks Bailey & Lewis, PLLC<br>**Telephone No.:** (202)849-1129   **Six digit Unified Bar No.:** 483520 | **Relationship to Lawsuit**<br>☑ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>Other: _____ |

**TYPE OF CASE:** ☐ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury
Demand:$ 87,000    Other: _____

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**
Case No.: 0437-06 SE   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar #: _____

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☑ 16 Negligence-(Not Automobile, Not Malpractice)

☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July. 07

## INFORMATION SHEET,     Continued

| D. OTHERS<br>I.<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>   Under $25,000 Pltf.<br>   Grants Consent<br>☐ 08 Quite Title<br>☐ 09 Special Writ/Warrants<br>   DC Code § 11 -941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>   (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>   Vacate Arbitration Award<br>   (D.C. Co   de § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>   Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>   Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>   Award (Collection Cases Only)<br>☐ 29 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
|---|---|---|
| II.<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>   Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>   Judgment [D.C. Code §<br>   2 -1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>   42 -3301, et seq.) | ☐ 21 Petition for Subpoena<br>   [Rule 28  -I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>   (Perpetuate Testimony) |

_Mickie Bailey_
_____
Attorney's Signature

_3/24/08_
_____
Date

CV -496/July.07

K
08-1184
RMC

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

~~Inre~~ Estate of Glen Lewis

11001

**DEFENDANTS**

RECEIVED
US COURT OF APPEALS
FOR THE D C CIRCUIT

Compass Group USA, Inc.

2008 JUL -9 PM 5:01                11991

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mickey Bailey (Fed. Bar No. 483520)
1725 I Street, N.W.
Suite 300
Washington, DC 20006
(202) 349-1129

A1

Case: 1:08-cv-01184
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/8/2008
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

⊗ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**○ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊗ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>⊠ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ⊗ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Section 1001 et seq. Denial of life insurance benefits, improper notice of termination and failure to provide actual or constructive notice of intent to terminate.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ _____ Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ⊠

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE  7/8/08    SIGNATURE OF ATTORNEY OF RECORD  Katherine E. Bierma Pregel

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_ESTATE OF GLEN LEWIS_
Plaintiff

v.

_COMPASS GROUP USA, INC._
Defendant

Civil Action No.   08 1184

JUL 0 8 2008

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **COLLYER, J. RMC**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: _Hickie Bailey_

929A
Rev. 7/02