UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE ESTATE OF GLEN LEWIS,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>COMPASS GROUP USA, INC.  )<br>  )<br>Defendant.  )<br>  ) | Civil Action No.: 1:08-cv-1184 |

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES OF DEFENDANT COMPASS GROUP ISA, INC.

Defendant, Compass Group USA, Inc. ("Defendant"), by and through its undersigned counsel, hereby submits this Answer and Affirmative and Other Defenses to the Complaint of Plaintiff, Estate of Glen Lewis, Rosalind Lewis, Personal Representative ("Plaintiff")

### ANSWER

Defendant answers below the allegations in Plaintiffs' Complaint in paragraphs that correspond to the paragraphs in Plaintiffs' Complaint, without waiving the subsequent affirmative defenses.

### Preliminary Statement

1. Defendant admits that Plaintiff purports to bring this action under the District of Columbia Laws Life Insurance Act, D.C. Code Ann. § 31-477 for money damages and asserts that such claim is preempted by the Employee Retirement Income Security Act ("ERISA").

## Jurisdiction

2. Defendant denies the allegations in paragraph 2 of the Complaint and asserts that jurisdiction of this Court is founded upon 28 U.S.C. § 1331.

## Parties

3. Defendant admits, upon information and belief, the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint, except admits that its principal place of business is located at 2400 Yorkmont Road, Charlotte, North Carolina and that its registered agent is CT Corporation.

## COUNT ONE: Wrongful Denial of Life Insurance Benefits

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint, except admits that, in 2005, Plaintiff elected basic and supplemental life insurance coverage in the amount of $87,000.

8. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 14 of the Complaint except admits, upon information and belief, that Plaintiff was out of work from September 4, 2005 until his death on July 3, 2006.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 22 of the Complaint.

## COUNT TWO: Improper Notice of Termination

23. Defendant incorporates its responses to paragraphs 1-22.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint, except admits that the body of the letter included another individual's name.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

## COUNT THREE: Failure to Provide Actual or Constructive Notice of Intent to Terminate

28. Defendant incorporates its responses to paragraphs 1-27.

29. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

### Causes of Action

35. The allegations in paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

### FIRST DEFENSE

Each of the Counts of the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of equitable estoppel.

### THIRD DEFENSE

Plaintiff's claims are pre-empted by the Employee Income Retirement Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.*

### FOURTH DEFENSE

Any remedy available to Plaintiff is limited solely to those afforded by the Employee Income Retirement Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.*

### FIFTH DEFENSE

Defendant discharged any duties it may have had with respect to the applicable life insurance plan and, in doing so, acted in accordance with the documents and instruments governing the plan.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any life insurance plan determinations concerning Plaintiff were not arbitrary, capricious, unreasonable or made in bad faith.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with and satisfy the administrative and/or procedural prerequisites for bringing and maintaining this action.

### EIGHTH DEFENSE

Plaintiff's claims, in whole or in part or portions thereof, are barred by the applicable statutes of limitations.

### NINTH DEFENSE

Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, Defendant, Compass Group USA, Inc., prays for judgment against Plaintiff as follows:

1. For an order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendant and against Plaintiff;

2. For all costs, disbursements, and reasonable attorneys' fees incurred by Defendant in connection with the defense of this matter;

3. For any other such relief as the Court in the exercise of its discretion deems just and proper.

Dated: July 11, 2008

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ Katherine E. Bierma Pregel
Michelle I. Pretlow (Fed. Bar No. 482869)
Katherine E. Bierma Pregel (Fed. Bar No.486615)
1150 17th Street, N.W.
Suite 900
Washington, DC 20036
(202) 842-3400 Telephone
(202) 842-0011 Facsimile

Andrew P. Marks (*pro hac vice* to be filed)
885 Third Avenue
16th Floor
New York, NY 10022-4834
(212) 583-9600 Telephone
(212) 832-2719 Facsimile

Attorneys for Defendant Compass Group USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2008, I caused a true and correct copy of the foregoing **Answer and Affirmative and Other Defenses of Defendant Compass Group USA, Inc.** to be served electronically, via ECF filing, upon the following counsel of record:

    Mickey Bailey
    1725 I Street, NW
    Suite 300
    Washington, DC 20006

    Counsel for Plaintiff


    /s/ Katherine E. Bierma Pregel
    Katherine E. Bierma Pregel

Firmwide:85855661.1 024778.1232